James FARRACE, d/b/a Levy's Old Reliable Loan Co., Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE, John D. Ashcroft, U.S. Attorney General, United States Department of the Treasury, Bureau of Alcohol, Tobacco, and Firearms, and Robert G. Hardt, Director of Industry Operations, Defendants.

No. CIV.A. 03–861 JJF.

United States District Court, D. Delaware.

April 21, 2004.

Victor F. Battaglia, Jr., Biggs and Battaglia, Wilmington, DE, for Plaintiff.

Colm F. Connolly, United States Attorney, Rudolph Contreras, Assistant United States Attorney, United States Attorney's Office, District of Delaware, Wilmington, DE, for Defendants.

## MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court is the United States' Motion To Dismiss. (D.I.9.) For the reasons discussed, the Court will deny the Motion.

## BACKGROUND

On May 13, 2002, the Division Director of the Baltimore Field Division for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") issued a notice to Plaintiff denying his application for a Federal Firearms License (the "License"). Plaintiff objected to the ATF's denial of his License and requested a hearing pursuant to 18 U.S.C. § 923(f)(2). Subsequent to this hearing, the ATF issued a Final Notice of Denial of Plaintiff's application for a License, and, in accordance with the sixty-day limitations period provided by 18 U.S.C. § 923(f)(3), Plaintiff filed a Complaint in this Court for a *de novo* review of the ATF's denial. By its Motion, the Government moves the Court to dismiss Plaintiff's Complaint for insufficient service of process and insufficient process. Because the sixty-day limitations period of 18 U.S.C. § 923(f)(3) has expired, a dismissal by the Court would be with prejudice.

## DISCUSSION

### I.  Parties' Contentions

The Government contends that the Court should dismiss Plaintiff's Complaint pursuant to Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure. The Government contends that Plaintiff did not serve it within one hundred twenty days of the filing of the Complaint as required by Rule 4(m). Further, the Government maintains that Plaintiff did not serve the Attorney General of the United States or the Defendant officers or agencies. In addition, the Government contends that Plaintiff's summonses are insufficient because they do not state the date and time the Defendants must appear and defend as required by Rule 4(a).

In response, Plaintiff contends that the Government has ignored precedent, specifically *Zankel v. United States,* 921 F.2d 432, 436 (2d Cir.1990), and *Jordan v. United States,* 694 F.2d 833, 836 (D.C.Cir.1982), teaching that courts should not hold plaintiffs to the rigid requirements of Rule 4. Further, Plaintiff asserts that the Government has not suffered any prejudice from deficiencies in service, that the Government had actual notice of the Complaint, and that Plaintiff's failures were due to Plaintiff's attorney's problems with office staff and a death in the family. Plaintiff also contends that the Court should deny the Motion because the sixty-day limitation period of 18 U.S.C. § 923(f)(3) has expired, and therefore, a dismissal of Plaintiff's Complaint will bar him from any future relief.

### II.  Decision

■ The determination of whether to extend time for service pursuant to Rule 4(m) is a two-part inquiry. First, a court must determine whether good cause exists for the plaintiff's failure to properly effect timely service. *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1305 (3d Cir.1995). If a court finds good cause, the court must grant an extension of time. *Id.* Second, if good cause is not shown, a court has the discretion to grant a plaintiff an extension of time. *Id.*

### A.  *Plaintiff Has Not Demonstrated Good Cause For His Failure To Effect Timely Service*

■ Courts generally consider three factors in determining whether good cause exists: 1) whether the plaintiff made a reasonable attempt to effect service; 2) whether the defendant is prejudiced by the absence of timely service; and 3) whether plaintiff moved for an extension of time for effecting service. *United States v. Nuttall,* 122 F.R.D. 163, 166–67 (D.Del.1988) (citations omitted). When evaluating good cause, courts should

focus primarily on the plaintiff's reasons for not complying with the time limits of Rule 4. *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir.1995).

■ Although the Court finds that the Government has not suffered undue prejudice as a result of Plaintiff's failure to comply with the service requirements of Rule 4, the Court concludes that Plaintiff has not demonstrated good cause. First, the Court observes that Plaintiff did not seek an extension of time for effecting service prior to the Government's filing of the instant motion. Second, Plaintiff's actions do not evidence a reasonable attempt to effect service. Plaintiff's mailings of his Notices of Lawsuit and Request for Waiver (the "Requests for Waiver") (D.I.11, Ex. B) to the Government were not reasonable because the waiver option of Rule 4(d) does not apply to the United States. Fed. R. Fed. P. 4(d)(2); *Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996). In addition, despite the directions on Plaintiff's Requests for Waiver that the Government should return the waivers within thirty days from their mailings, Plaintiff made no further attempts to effect service until after the Government filed the instant motion, even though Plaintiff never received any returns from the Government of the Requests for Waiver.

Further evidence of the absence of a reasonable attempt by Plaintiff to effect service is that Plaintiff did not mail a copy of the Complaint and Summons to the Attorney General of the United States in Washington, D.C.,[1] or to the correct address for the United States Attorney's Office in Delaware.[2] And, because Plaintiff's obligations for proper service of the Government is based on the plain language of Rule 4(i), the Court concludes that Plaintiff's failure to read or understand this Rule is not an excuse for his failure to effect timely service. *See Tuke*, 76 F.3d at 156.

■ Next, the Court concludes that even if the Government had actual notice of this

lawsuit, this notice does not qualify as good cause for failure to effect timely service. As the Third Circuit has made clear, "'notice cannot by itself validate an otherwise defective service.'" *See Ayres v. Jacobs*, 99 F.3d 565, 568 (3d Cir.1996) (quoting *Grand Entm't Group Ltd. v. Star Media Sales Inc.*, 988 F.2d 476, 486 (3d Cir.1993)). Similarly, the running of the statute of limitations on Plaintiff's claim does not establish good cause because district courts are prohibited from considering the fact that the statute of limitations has expired in their good cause analyses. *Petrucelli*, 46 F.3d at 1306.

■ Finally, the Court concludes that the other reasons offered by Plaintiff's attorney for his failure to timely effect proper service on the Government, specifically reliance on office staff and a death in the family, do not constitute good cause. Failures or oversights by office staff do not constitute good cause. *See McGinnis v. Shalala*, 2 F.3d 548, 550 (5th Cir.1993); *Petrucelli*, 46 F.3d at 1307 ("[R]eliance upon a third party ... is an insufficient basis to constitute good cause for failure to timely serve, and is also an insufficient basis for granting an extension of time to effect service.")(citing *Braxton v. United States*, 817 F.2d 238, 242 (3d Cir.1987)). In the same vein, the health problems in December and January of the uncle of Plaintiff's attorney do not excuse the failure to effect service because Plaintiff was aware that the Government was not going to waive service by October 9, 2003, and therefore, Plaintiff's failure to act within the two months following notice that the Government would not waive service evidences the absence of good cause.

**B.  *Whether the Court Should Grant Plaintiff An Extension***

■ Because the Court has concluded that Plaintiff has not established good cause for failure to timely effect service, the Court will consider whether, in the exercise of its discretion, Plaintiff should be granted an extension beyond the one hundred twenty day period provided by Rule 4(m). The Third

---

1. Contrary to the direction of Rule 4(i)(B), Plaintiff mailed his Request for Waiver to the Attorney General of the United States to an address in Wilmington, Delaware, that was formerly occupied by the United States Attorney's Office.

2. The United States Attorney's Office relocated in 1992 from the address the Plaintiff sent his Request for Waiver.

Circuit has not provided an exhaustive list of factors district courts should consider when deciding whether to exercise their discretion; however, the Third Circuit has advised district courts that the Advisory Committee Notes to the 1993 Amendments to Rule 4 provide some guidance. *Petrucelli,* 46 F.3d at 1305–06. One of the considerations the Advisory Committee Notes explain may justify an extension is if the applicable statute of limitations has run. Fed.R.Civ.P. 4 Advisory Committee's Note to the 1993 Amendments.

The Court is persuaded that the expiration of the statute of limitations on Plaintiff's claims, if the Court were to grant dismissal, militates against denying an extension. Although the Court understands that the running of the statute of limitations on Plaintiff's claims does not require the Court to grant Plaintiff an extension, *Petrucelli,* 46 F.3d at 1306, after considering all the circumstances presented here, the Court concludes that a dismissal with prejudice of Plaintiff's Complaint without addressing the merits would be unjust.

Additionally, the Court finds insufficient evidence of bad faith or the type of conscious disregard of the Federal Rules that would compel the Court to deny Plaintiff an extension of time to properly effect service. Instead, it appears that Plaintiff's mailings of the Requests for Waiver were done in good faith. Further, once Plaintiff received the Government's Motion, Plaintiff promptly mailed his Complaint to the Attorney General in Washington, D.C., further evidencing his good faith efforts to properly effect service.

For the reasons discussed, the Court will exercise its discretion to allow Plaintiff a reasonable time (May 14, 2004) to effect service.[3]

### CONCLUSION

For the aforementioned reasons, the Court will deny the Government's Motion To Dismiss. (D.I.9.)

An appropriate Order will be entered.

---

**3.** Plaintiff's process is also insufficient because the summonses fail to state the date and time each Defendant must appear and defend. *See* Fed.R.Civ.P. 4(a). However, because the Government does not assert that it is prejudiced by the defects in Plaintiff's summonses and because

### *ORDER*

At Wilmington, this 21st day of April, 2004, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1) The United States' Motion To Dismiss (D.I.9) is *DENIED;*

2) Plaintiff shall amend his summonses and effect service on or before May 14, 2004.

the Government had actual notice of this lawsuit, the Court will permit Plaintiff to amend his summonses and serve each Defendant. *See Libertad v. Welch,* 53 F.3d 428 (1st Cir.1995); James Wm. Moore, et al., 1 *Moore's Federal Practice* § 4.30[7] (3d ed. rev.2003).